# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| NICOLE TYSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:16-cv-02143-STA-cgc |
| | ) |
| ASSA ABLOY DOOR GROUP, LLC, | ) |
| D/B/A MARKAR PEMKO, JOHN | ) |
| DILLARD, and VIRGIL ROBERSON, | ) |
| | ) |
| Defendants. | ) |

**ORDER CONVERTING DEFENDANTS' MOTION TO DISMISS TO A MOTION FOR SUMMARY JUDGMENT**
**ORDER GRANTING IN PART MOTION FOR SUMMARY JUDGMENT**
**ORDER REMANDING STATE LAW CLAIMS**

Before the Court is Assa Abloy Door Group, LLC and Virgil Roberson's Motion to Dismiss (ECF No. 6) filed on March 4, 2016.[1] Plaintiff Nicole Tyson has responded in opposition, and Defendants have filed a reply. For the reasons set forth, the Court converts Defendant's Motion to Dismiss to a Motion for Summary Judgment, and the Motion is **GRANTED**.

## BACKGROUND

Plaintiff filed a Complaint for Damages in the Circuit Court for Shelby County, Tennessee for the Thirtieth Judicial District as Memphis on January 20, 2016. According to the Complaint, Defendant is engaged in the business of manufacturing door systems, and Plaintiff is

---

[1] According to Defendants, the Complaint incorrectly names the Defendant as Assa Abloy Door Group, LLC d/b/a Markar Pemko. The actual party-in-interest is Pemko Manufacturing Co.

1

Defendant's former employee. (Compl. ¶¶ 8, 9, ECF No. 1-1.) Plaintiff began working in Defendant's purchasing department in May 2013 and was promoted to purchasing manager in September 2013. (*Id.* ¶ 9.) In May 2014, Plaintiff requested a flexible work schedule like the schedule granted to other white male employees. (*Id.* ¶ 10.) Management denied the request verbally and in a subsequent written memorandum. (*Id.* ¶¶ 11, 12.) Plaintiff requested a meeting with the human resources manager Shalene McLaughlin and her other managers to discuss her request. (*Id.* ¶ 13.) The meeting occurred in June 2014 but did not result in any progress as far as Defendant granting Plaintiff's request for the flexible work schedule. (*Id.*)

In October 2014, Plaintiff notified her manager John Dillard that she would require medical leave in November for surgery and discussed with her manager the division of responsibilities of the employees under her supervision during her leave and a request to work from home during her recuperation. (*Id.* ¶ 14.) On the Friday before her medical leave began, Plaintiff learned from Dillard that she would not be permitted to work from home. (*Id.* ¶ 15.) Plaintiff took her medical leave and maintained contact with her two direct reports until she returned from leave on December 8, 2014. (*Id.* ¶¶ 16, 17.) On the following day December 9, 2014, Plaintiff met with Dillard and Defendant's director of operations Virgil Roberson to discuss problems that arose during Plaintiff's medical leave. (*Id.* ¶ 18.) Plaintiff felt isolated and anxious about the alleged problems with her job performance and sensed that her work environment was increasingly hostile. (*Id.* ¶ 20.)

In January 2015, Dillard instructed HR manager Shalene McLaughlin to begin preparing a severance package for Plaintiff. (*Id.* ¶ 21.) When McLaughlin asked whether Dillard had discussed performance reasons for the package with Plaintiff, Dillard responded that he had not. (*Id.*) On January 12, 2015, Dillard requested a meeting with McLaughlin to discuss the severance

package further on the following day. (*Id.* ¶ 22.) The Complaint goes on to allege that Plaintiff was part of a meeting on January 14, 2015, in which President Phil Goossens was criticized or "bashed." (*Id.* ¶ 23.) Following the meeting, Plaintiff emailed Dillard, Roberson, and McLaughlin about creating a more positive work environment. (*Id.*) Later the same day, Roberson responded to Plaintiff's email and suggested that they discuss her concerns further, though no follow-up discussion ever occurred. (*Id.* ¶ 24.) Then on January 20, 2015, Defendant terminated Plaintiff's employment, explaining to Plaintiff that Defendant had to reduce headcount. (*Id.* ¶¶ 25, 26.) According to the Complaint, Defendant actually hired five additional employees following Plaintiff's termination. (*Id.* ¶ 27.)

Based on these fact pleadings, Plaintiff alleges that Defendants treated her differently on account of her race in violation of Title VII when Defendants denied her a flexible work schedule. Plaintiff further alleges that Defendants terminated her in retaliation for exercising her protected rights after she returned from medical leave, also in violation of Title VII. The Complaint also alleges claims for statutory and common law retaliatory discharge as well as violations of the Tennessee Human Rights Act. The Complaint names as Defendants Assa Abloy Door Group, LLC d/b/a Markar Pemko ("Pemko"), John Dillard, and Virgil Roberson. On February 26, 2016, Pemko and Roberson filed a Notice of Removal, asserting that this Court had original jurisdiction over Plaintiff's claims for relief under federal law. On April 15, 2016, the Court held a scheduling conference with counsel for the parties. At the conclusion of the conference, the Court announced that it would take up the pending Motion to Dismiss once the parties had completed briefing the Motion and before the Court entered the scheduling order.

In their Motion to Dismiss, Pemko and Roberson argue that the Court should enforce a settlement agreement and release between the parties whereby Plaintiff agreed to release all legal

3

claims against Defendants in consideration for receiving a severance package from Defendant Pemko.  Defendants argue that the release applies to any claim under Title VII and all of the other claims alleged in the Complaint.  Defendants assert that Plaintiff was advised in writing to seek independent legal counsel before signing the release and given twenty-one days to consult an attorney.  As such, the Court should enforce the release and dismiss Plaintiff's Complaint.  Defendants have attached a copy of the release as an exhibit to the Motion to Dismiss.  Defendants finally argue that Plaintiff has failed to state any claim against Dillard or Roberson in their individual capacities.

      Plaintiff has responded in opposition.  Plaintiff argues that the Complaint states a claim for relief.  To the extent that the Court converts the Motion to Dismiss to a motion for summary judgment under Rule 56, Plaintiff argues that genuine issues about the validity of the release preclude judgment for Defendants.  Plaintiff has submitted a declaration with her brief in which she affirms that she felt coerced into signing the release.  Plaintiff states that she had no input into the terms of the release and that she felt coerced into signing it because she had no other source of income and "had to maintain my household."  Plaintiff further states that McLaughlin verbally informed her that she could sign the release and still file a lawsuit.  Plaintiff argues then that the waiver is not valid and the Court should not enforce it.

      In their reply brief, Defendants argue that none of the additional facts presented in Plaintiff's declaration show why the Court should not enforce the settlement agreement and dismiss the Complaint.  The agreement itself contains an acknowledgement that Plaintiff was advised in writing to consult with an attorney before signing the agreement.  Plaintiff's declaration contains no facts showing that Plaintiff was coerced.  Plaintiff was given 21 days to seek advice from an attorney, and whether she chose to avail herself of counsel was entirely a

matter left to Plaintiff. Even if Plaintiff could show that McLaughlin misled or encouraged Plaintiff to sign the release, Plaintiff cannot show that the agreement was the product of fraud or coercion. Plaintiff had three weeks to contemplate the agreement and get legal advice about her rights. Plaintiff signed the agreement just before her deadline expired, suggesting that Plaintiff did not act with haste. Moreover, Plaintiff had a responsibility to read the entire contract before signing it and by executing the agreement showed that she had read it. Therefore, the Court should disregard Plaintiff's claims of coercion and enforce the release.

## STANDARD OF REVIEW

A defendant may move to dismiss a claim "for failure to state a claim upon which relief can be granted" under Federal Rule of Civil Procedure 12(b)(6). When considering a Rule 12(b)(6) motion, the Court must treat all of the well-pleaded allegations of the pleadings as true and construe all of the allegations in the light most favorable to the non-moving party.[2] However, legal conclusions or unwarranted factual inferences need not be accepted as true.[3] "To avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all material elements of the claim."[4] Under Rule 8 of the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[5] Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation

---

[2] *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Saylor v. Parker Seal Co.*, 975 F.2d 252, 254 (6th Cir. 1992).

[3] *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

[4] *Wittstock v. Mark a Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003).

[5] Fed. R. Civ. P. 8(a)(2).

5

of the elements of a cause of action."⁶ In order to survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face."⁷ "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."⁸

Federal Rule of Civil Procedure 56(a) provides that a party is entitled to summary judgment if the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."⁹ The Supreme Court has stated that "[t]hough determining whether there is a genuine issue of material fact at summary judgment is a question of law, it is a legal question that sits near the law-fact divide."¹⁰ In reviewing a motion for summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party,¹¹ and the "judge may not make credibility determinations or weigh the evidence."¹² When the motion is supported by documentary proof such as depositions and affidavits, the nonmoving party may not rest on his pleadings but, rather, must present some

---

⁶ *Ashcroft v. Iqbal,* 556 U.S. 662, 681 (2009); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). *See also Reilly v. Vadlamudi*, 680 F.3d 617, 622 (6th Cir. 2012) (quoting *Twombly,* 550 U.S. at 555).

⁷ *Twombly*, 550 U.S. at 555, 570.

⁸ *Iqbal*, 556 U.S. at 678.

⁹ Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Canderm Pharmacal, Ltd. v. Elder Pharms, Inc.*, 862 F.2d 597, 601 (6th Cir. 1988).

¹⁰ *Ashcroft v. Iqbal*, 556 U.S. 662, 674 (2009).

¹¹ *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

¹² *Adams v. Metiva*, 31 F.3d 375, 379 (6th Cir. 1994).

"specific facts showing that there is a genuine issue for trial."[13] It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts."[14] These facts must be more than a scintilla of evidence and must meet the standard of whether a reasonable juror could find by a preponderance of the evidence that the nonmoving party is entitled to a verdict.[15] In this Circuit, "this requires the nonmoving party to 'put up or shut up' [on] the critical issues of [his] asserted causes of action."[16]

When determining if summary judgment is appropriate, the Court should ask "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-side that one party must prevail as a matter of law."[17] Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."[18]

## ANALYSIS

### I. Conversion of the Motion to Dismiss to a Motion for Summary Judgment

Defendants seek dismissal of the Complaint under Rule 12(b)(6) on the grounds that Plaintiff executed a settlement agreement and release of all legal claims against Defendant Pemko and its agents and employees. Plaintiff has responded with a declaration, stating that

---

[13] *Celotex*, 477 U.S. at 324.

[14] *Matsushita*, 475 U.S. at 586.

[15] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

[16] *Lord v. Saratoga Cap., Inc.*, 920 F. Supp. 840, 847 (W.D. Tenn. 1995) (citing *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989)).

[17] *Anderson*, 477 U.S. at 251–52.

[18] *Celotex*, 477 U.S. at 322.

Defendant did not verbally advise her to seek legal counsel before signing the agreement and that she felt coerced into signing it. As a procedural matter, courts are "reluctant to dismiss complaints based on affirmative defenses at the pleading stage and before any discovery has been conducted."[19] Generally, a court may grant a motion to dismiss on the basis of an affirmative defense "if the facts conclusively establish the defense as a matter of law."[20] A motion to dismiss will be granted only if "the face of the complaint demonstrates that relief is barred by an affirmative defense"[21] and "the plaintiff's own allegations show that a defense exists that legally defeats the claim for relief."[22]

In the Motion before the Court, Defendants have attached a copy of the settlement agreement and release as an exhibit to a Rule 12(b)(6) Motion.[23] Plaintiff has responded to the

---

[19] *Pfeil v. State St. Bank & Tr. Co.*, 671 F.3d 585, 599 (6th Cir. 2012).

[20] *In re McKenzie*, 716 F.3d 404, 412 (6th Cir. 2013) (citing *Hensley Mfg. v. ProPride, Inc.,* 579 F.3d 603, 613 (6th Cir. 2009)); *see also Peatross v. City of Memphis*, --- F.3d ---, No. 15-5288, 2016 WL 1211916, at *4 (6th Cir. Mar. 29, 2016) ("[D]ismissal nevertheless is appropriate when the defendant is entitled to a meritorious affirmative defense.").

[21] *Cheatom v. Quicken Loans*, 587 F. App'x 276, 279 (6th Cir. 2014) (quoting *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010)).

[22] *Lockhart v. Holiday Inn Exp. Southwind*, 531 F. App'x 544, 547 (6th Cir. 2013) (quoting *Marsh v. Genentech, Inc.*, 693 F.3d 546, 554–55 (6th Cir. 2012) and (5B Charles Alan Wright & Arthur Miller, *Federal Practice & Procedure* § 1357 at 713 (3d ed. 2004)).

[23] The authenticity of the writing is attested by the declaration of Shalene McLaughlin, Pemko Manufacturing Co.'s human resources manager (ECF No. 6-2). However, the declaration does not satisfy 28 U.S.C. § 1746, which requires a declarant to subscribe and date the document. 28 U.S.C. § 1746. McLaughlin's declaration purports to meet § 1746's requirements but is neither signed by McLaughlin nor dated. As such, the Court declines to consider the declaration here. *Davis v. Solid Waste Servs., Inc.*, 20 F. Supp. 3d 519, 530 (E.D. Pa. 2014) (disregarding unsigned declarations made pursuant to 28 U.S.C. § 1746 in support of a motion for summary judgment); *In re Veiga*, 746 F. Supp. 2d 27, 37 (D.D.C. 2010) (same); *Davis v. Wells Fargo Bank*, 685 F. Supp. 2d 838, 842 (N.D. Ill. 2010) (same).

The omission is not fatal to Defendants' Motion to Dismiss. Plaintiff admits in her declaration that she signed the settlement agreement and release. Plaintiff does not contest the

Motion with her own declaration under 28 U.S.C. § 1746 and briefing on the summary judgment standard under Rule 56. When a party moving under Rule 12(b)(6) presents matters outside the pleadings and the court does not exclude the materials, the court must treat the Rule 12(b)(6) motion as a motion for summary judgment under Rule 56.[24] Before converting a motion to dismiss, the Court must give the parties "a reasonable opportunity to present all the material that is pertinent to the motion."[25] But notice is required only to the extent that "one party is likely to be surprised by the proceedings."[26] The necessity of prior notice "depends upon the facts and circumstances of each case."[27]

The Court finds it appropriate to convert Defendants' Motion to Dismiss to a Motion for Summary Judgment without additional notice to the parties. Both parties have presented evidence outside of the pleadings and recognized in their briefs that the Court could convert Defendants' Rule 12(b)(6) Motion to a Rule 56 motion. Defendants' Motion to Dismiss depends entirely on the affirmative defense of release and the contents of the settlement agreement between the parties, a writing that is not an exhibit to Plaintiff's Complaint and therefore cannot be considered part of the pleadings.[28] Plaintiff conceded in her response brief that Defendants'

---

admissibility of the agreement or challenge the authenticity of the copy produced by Defendants. As a result, the Court finds that the settlement agreement and release are appropriately considered as part of the Court's analysis.

[24] Fed. R. Civ. P. 12(d).

[25] *Id.*

[26] *Wysocki v. Int'l Bus. Machs. Corp.*, 607 F.3d 1102, 1105 (6th Cir. 2010) (citing *Shelby Cnty. Health Care Corp. v. S. Council of Indus. Workers Health & Welfare Tr. Fund,* 203 F.3d 926, 931 (6th Cir. 2000)).

[27] *Id.* (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 204 (6th Cir. 1998)).

[28] *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

Motion to Dismiss might be construed as a motion for summary judgment, cited Rule 12(d) of the Federal Rules of Civil Procedure as the correct procedural rule for conversion, extensively briefed the standard of review under Rule 56, and then proceeded to submit additional evidence of her own that went beyond the pleadings. Defendants noted in their reply that Plaintiff's response invited the Court to convert the Motion to Dismiss to a motion for summary judgment. Under the circumstances, the Court finds that none of the parties are likely to be surprised; therefore, additional notice before converting the Motion to Dismiss to a Motion for Summary Judgment is not required.

The Court finds the circumstances of the case at bar to be largely indistinguishable from the facts presented in *Wysocki v. IBM*, 607 F.3d 1102 (6th Cir. 2010). In *Wysocki*, the Sixth Circuit found that the plaintiff, a former employee of IBM alleging a violation of the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), had "notice a motion to dismiss might be converted into a motion for summary judgment" and "a reasonable opportunity to present materials outside the pleadings."[29] IBM sought the dismissal of the complaint on the basis of Plaintiff's signed release of all claims against IBM and attached to its motion to dismiss a copy of the release, which was not part of the pleadings. The Sixth Circuit specifically noted that the district court's consideration of the release in deciding the motion to dismiss "*would require* the district court to covert the motion to dismiss into a motion for summary judgment."[30] Both parties' briefs cited Federal Rule of Civil Procedure 12(d), mandating that a court convert a motion to dismiss to a motion for summary judgment if the court considers matters outside the pleadings. The plaintiff's response to the motion to dismiss "clearly indicate[d] that [he]

---

[29] *Wysocki*, 607 F.3d at 1105.

[30] *Id.* (emphasis added).

understood that the court might grant summary judgment but never "state[d] that he needed any additional discovery or an opportunity to supplement the record."[31] The Court of Appeals found it significant that in the time after the parties' finished briefing IBM's motion, the plaintiff never made a discovery request or sought the opportunity to present additional evidence. The Sixth Circuit concluded then that "the district court's decision to convert the motion to dismiss into one for summary judgment [without additional notice to the parties] was not an abuse of discretion."[32]

The Court would add that at no time has Plaintiff indicated a need for discovery to respond to Defendants' argument about the settlement agreement and release.[33] When confronted with a motion for summary judgment, Rule 56(d) allows a non-moving party to show the court "it cannot present facts essential to justify its opposition" to summary judgment and permits the court to "allow time to obtain affidavits or declarations or to take discovery."[34] Plaintiff's response in opposition actually includes evidence, a declaration from Plaintiff contesting the enforceability of the release. But Plaintiff did not articulate a need for additional discovery to respond to Defendants' Motion. Furthermore, after filing the response brief, counsel for Plaintiff appeared at the scheduling conference on April 15, 2016, and addressed the Court on the parties' plan for discovery. When the Court brought up Defendants' pending Motion to Dismiss, Defendants reported that they intended to file a reply brief and requested that

---

[31] *Id.*

[32] *Id.*

[33] *But see Rembisz v. Lew*, 590 F. App'x 501, 504 (6th Cir. 2014) ("[A] plaintiff need not respond to a motion to dismiss with affirmative matter raising a triable issue of fact on an affirmative defense.").

[34] Fed. R. Civ. P. 56(d).

the Court delay entry of the scheduling order until the Motion to Dismiss was decided. Plaintiff did not object to Defendants' request to delay entry of the scheduling order until the Motion to Dismiss was decided and did not indicate during the scheduling conference that she needed discovery to respond to Defendants' affirmative defense. In sum, the Court concludes that no party will be surprised by the Court's decision to convert Defendants' Rule 12(b)(6) Motion to a Rule 56 Motion.

## II. Enforceability of the Settlement Agreement and Release

The issue presented in Defendants' Motion is whether Plaintiff released all of the legal claims and causes of action alleged in her Complaint when she signed a settlement agreement and release with Defendant Pemko upon her termination. The Sixth Circuit has held that "release is an affirmative defense that must be pled by the defendant, which includes showing that the release was fairly executed and fairly represented the amount to which the claimant was entitled."[35] Once a defendant has raised release as an affirmative defense, a plaintiff may prove the "the invalidity of the release, which can be done by showing mistake, incapacity, fraud, misrepresentation, unconscionability, or duress."[36] The Sixth Circuit applies ordinary contract principles to determine the validity of an employee's release of her causes of action under federal

---

[35] *Wysocki*, 607 F.3d at 1108 n.3 (applying Kentucky law but also citing 66 Am. Jur. 2d *Release* §§ 40–41; 76 C.J.S. *Release* § 84 ("The burden of establishing a release is on the party relying on it, but, where a release . . . is established, the opposing party has the burden of proving facts rendering the release void.").

[36] *Id.*; *see also Callen v. Penn. Ry. Co.*, 332 U.S. 625, 630 (1948) ("One who attacks a settlement must bear the burden of showing that the contract he has made is tainted with invalidity, either by fraud practiced upon him or by a mutual mistake under which both parties acted."); *Nicklin v. Henderson*, 352 F.3d 1077, 1081 (6th Cir. 2003).

law.[37] The Court's interpretative task is to "construe a release as a whole, giving effect to every part,"[38] while bearing in mind that employers cannot use settlements and releases to "defeat the policies of [federal anti-discrimination laws] by taking advantage of their superior bargaining position or by overreaching."[39]

The Court holds that Defendants have carried their burden as to their affirmative defense and that the release precludes all of Plaintiff's federal claims in this suit. There is no genuine dispute about the terms of the settlement agreement and release and the parties' performance of their contractual obligations. The contact is clear and unambiguous. The parties to the settlement agreement and release were Plaintiff and Pemko, with Pemko defined to include its "employees, agents, and representatives." Under the agreement Plaintiff's termination would take effect January 20, 2015. Pemko agreed to continue to pay Plaintiff her normal salary, including accrued and unused vacation pay, and provide medical insurance through March 31, 2015. For her part Plaintiff specifically released her

> rights to bring or pursue, or cause to be brought or pursued, or voluntarily participate in, or receive individual relief from, any suits, demands, damages, complaints, causes of actions, claims and charges under any federal, state or local law, regulation or decision, or body of common law, in law or in equity, before any federal, state or municipal court, administrative agency, arbitral tribunal or alternate dispute resolution forum, including but not limited to the Age Discrimination in Employment Act, the Older Workers Benefit Protection Act, Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, the Employee Retirement Income Security Act, and any state and/or local counterparts of the above.[40]

---

[37] *Adams v. Philip Morris, Inc.,* 67 F.3d 580, 583 (6th Cir. 1995).

[38] *Soltis v. J.C. Penney Corp., Inc.*, --- F. App'x ---, 2015 WL 9245244, at *4 (6th Cir. Dec. 18, 2015) (citing *Harris v. Lockheed Aircraft Corp.,* 572 F.2d 138, 141 (6th Cir. 1978)).

[39] *Adams*, 67 F.3d at 583.

[40] Settlement Agreement & Release ¶ 4(D) (ECF No. 6-2).

By signing the agreement, Plaintiff represented that Pemko had advised her in writing to consult a lawyer before executing the release. Plaintiff also acknowledged that she had 21 days in which to consider the agreement and seek counsel and then 7 days more after executing the agreement to revoke it. The Court holds that Plaintiff agreed as part of her settlement with Pemko to release all federal claims she had against her former employer, including the Title VII claims alleged in the Complaint at bar.[41]

The burden now shifts to Plaintiff to demonstrate that the release of her federal claims is invalid. The Sixth Circuit weighs the following factors to determine whether an employee knowingly and voluntarily waived her right to bring a suit: (1) the plaintiff's experience, background, and education; (2) the amount of time the plaintiff had to consider whether to sign the waiver, including whether the employee had an opportunity to consult with a lawyer; (3) the clarity of the waiver; (4) consideration for the waiver; and (5) the totality of the circumstances.[42] The Court holds that under the totality of the circumstances, the release is valid. First, the only record evidence about Plaintiff's experience, background, and education is the fact that Plaintiff was employed as a purchasing manager with Pemko.[43] The Sixth Circuit has found that an employee's status as a manager, without some additional evidence about the employee's

---

[41] In her response in opposition to Defendants' Motion to Dismiss, Plaintiff states in a footnote that she intends to file an amended complaint to allege a claim under the Age Discrimination in Employment Act. Although Plaintiff has not filed a motion to amend her complaint, the Court holds that Plaintiff's signed released applies to any age discrimination claim under the ADEA.

[42] *Soltis*, 2015 WL 9245244, at *4-5 (quoting *Seawright v. Am. Gen. Fin. Servs., Inc.*, 507 F.3d 967, 974 (6th Cir. 2007)).

[43] Tyson Decl. ¶ 2.

background to demonstrate that "she could not understand the basic terms of a contract," tends to show that the employee's release was knowing and voluntary.[44]

Next, there is no dispute that Plaintiff had 21 days to consider whether to sign the release, the opportunity to consult a lawyer during that time, and 7 days after signing the release to revoke her consent. Plaintiff expressly acknowledged each of these facts by signing the agreement. The Sixth Circuit has held that a 21-day open period to consider a release and a 7-day revocation period constitutes "ample" time to make a knowing and voluntary decision.[45] Any failure on Defendants' part to give Plaintiff verbal notice of her right to seek counsel weighs, if at all, only slightly in Plaintiff's favor.

Third, the release contained in the settlement agreement was clear: Plaintiff agreed to release her claims in exchange for more than two months salary and benefits as severance. Plaintiff did "not need a law degree to grasp the import of these terms."[46] Finally, Plaintiff has shown that she received erroneous advice from Pemko's human resources manager about her right to bring suit. However, the Court of Appeals has found that erroneous advice from one's own attorney about the legal ramifications of a release was "insufficient to tip the balance of the scales."[47] The Court cannot say then that erroneous legal advice from human resources does much to tip the balance either. Plaintiff has also shown she felt compelled to sign the release because she needed the money. This factor, however, is true in nearly every case where an employer terminates an employment relationship and contracts with the employee for a release

---

[44] *Soltis*, 2015 WL 9245244, at *5.

[45] *Id.* (citing *Gascho v. Scheurer Hosp.*, 400 F. App'x 978, 982 (6th Cir. 2010)).

[46] *Gascho,* 400 F. App'x at 982.

[47] *Soltis*, 2015 WL 9245244, at *5.

of all claims. Under the totality of the circumstances, the Court finds that Plaintiff's release of her federal causes of action was knowing and voluntary. Therefore, Defendants are entitled to judgment as a matter of law on the validity of the release of Plaintiff's federal causes of action. The Motion for Summary Judgment is **GRANTED** as to Plaintiff's claims under federal law.

**III. Supplemental Jurisdiction**

This leaves the question of whether the release was also valid as to Plaintiff's claims under Tennessee law. The Court need not decide this issue. Plaintiff alleges claims under Tennessee law including statutory and common law retaliatory discharge as well as violations of the Tennessee Human Rights Act. Defendants removed Plaintiff's Complaint to this Court because the Court had original jurisdiction under 28 U.S.C. § 1331 over Plaintiff's Title VII claims. The Court has supplemental jurisdiction over her removed Tennessee law claims pursuant to 28 U.S.C. 1367(a). "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."[48]

It is settled law that the district court may exercise supplemental jurisdiction over state law claims, even after the basis for removal to federal court has been eliminated, "if recommended by a careful consideration of factors such as judicial economy, convenience, fairness, and comity."[49] Still district courts may decline to exercise supplemental jurisdiction over a related claim if

(1) the claim raises a novel or complex issue of State law,

---

[48] 28. U.S.C. § 1367(a).

[49] *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 350 (1988).

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
(3) the district court has dismissed all claims over which it has original jurisdiction, or
(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.[50]

Generally, if a federal claim is dismissed before trial, the state claims should be dismissed as well.[51] In the absence of any remaining claim over which the Court has original jurisdiction, the Court declines to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(3). Plaintiff's remaining claims under Tennessee law are hereby remanded to state court.

## CONCLUSION

The Court treats Defendants' Motion to Dismiss as a Motion for Summary Judgment on the issue of whether Plaintiff released her claims against Defendants in a settlement agreement and release. The Court holds that Defendants are entitled to judgment as a matter of law on the release of Plaintiff's federal causes of action. Having dismissed the claims over which this Court has original jurisdiction, Plaintiff's remaining claims under Tennessee law are remanded to the Circuit Circuit Court for Shelby County, Tennessee for the Thirtieth Judicial District.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: May 18, 2016.

---

[50] § 1367(c).

[51] *Taylor v. First of Am. Bank-Wayne*, 973 F.2d 1284, 1287 (6th Cir. 1992) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)).